Nos 2569 & 2570.  Decided Jan 28, 1936

For full opinion see 51 Oh Ap 482.

## WILSON et v WILSON

Ohio Appeals, 7th Dist, Monroe Co

Decided Nov 19, 1935

Moore, Moore & Moore, Woodsfield, for plaintiffs in error.

John K. Sawyers, Woodsfield, for defendant in error.

## OPINION

By CARTER, J.

In the construction of wills the cardinal rule is to ascertain if possible, the intention of the testator. What was the intention of the testatrix at the time of the execution of this will?

We have no hesitancy in holding, that, after the payment of her just debts and funeral expenses, her intentions were to give Jane Wilson the life use of all the property of which she died seized or possessed, with full power and authority to consume the same or any part thereof, for her proper maintenance, comfort and support, and full power and authority to sell and dispose of same, as found in Item Two of the will, and in the event, any part of the estate remaining unconsumed at the time of the death of Jane Wilson, then and in that event, the testatrix devised and bequeathed the unconsumed portion to the legatees as found in Item Three of the will. With full power and authority in Jane Wilson, to sell and dispose of any or all of the estate if she saw fit, however, the estate devised and bequeathed to Jane Wilson being a life estate only.

See Rockell's Complete Ohio Probate Practice page 1072, §1193.

See also the case of James Baxter, Admr., with the will annexed of David Baxter, deceased, v James Bowyer et. 19 Oh St page 490.

See also the case of Johnson v Johnson, found in 51st Oh St, page 146.

The further question presented for con-

sideration is—Who is entitled to the present possession of this property, the administrator with the will annexed, the other legatees and devisees named in the will or Jane Wilson, the life beneficiary under the will?

The administrator claims that he is entitled to the possession of the same and should pay the income to the life beneficiary only.

The life beneficiary claims that she is entitled to the present possession of the same, and that all that is required of the administrator, is to administer the provisions under the will by seeing that her just debts and funeral expenses are paid, and that is the only function he has to perform.

It will be observed that there is no provision in the will, that the administrator shall hold this property and allow to Jane Wilson the income therefrom, and distribute the remainder to the remaindermen at the death of Jane Wilson.

Jane Wilson was to have a life use of the same, and in order to enjoy that use, we are fully satisfied that the only function for the administrator to perform, is to pay her just debts and funeral expenses, and that the administrator has no further control whatever over the remaining property, that the possession of the same belongs to her.

See **16 Ohio Jurisprudence, page 434,** wherein the author says:—

"The tenant for life is entitled to the full use and possession of the property, the only restriction upon this use being that the estate of those who are to follow him in possession shall not be permanently diminished in value by his neglecting to do that which an ordinarily prudent person would do in the preservation of his own property, or by doing those things which are not necessary to the full enjoyment of the particular estate and which have the effect permanently to diminish the value of the future estate. It is well settled that a tenant for life, in possession of real estate has no right or power to defeat the title or injuriously affect the interest of the remainderman, by using it in such way as to injure the reversionary interest and depreciate its value."

. Also the case of **Posegate v South et, 46 Oh St page 391,** the syllabus being as follows:

"A testator bequeathed all his personal estate, after the payment of his debts and funeral expenses, to his wife, and at her death, said personal estate, or so much as

shall be unconsumed, to be equally divided between his heirs, naming them. The wife survived the testator, and accepted the provisions made for her in the will. The executor paid the debts and funeral expenses, and delivered the balance of the personal estate to the widow, and settled his accounts accordingly. The will did not require or direct the executor to collect or distribute the personal estate that might be left unconsumed at the death of the widow, or enjoin upon him any duty with respect thereto. Held:

1. After the debts and funeral expenses were paid, the widow became entitled to the possession, use and enjoyment of the personal estate, with the right to consume the whole or any part of it, and it was the duty of the executor to deliver possession thereof to her.

2. When the executor performed that duty, he administered the estate and executed his trust, and can not be held responsible for any use or disposition made by the widow, of such personal estate after it so lawfully came to her possession; nor, can he thereafter be required to account therefor in the Probate Court."

The court on page 395 say:

"Such right of use, enjoyment and consumption, necessarily implies the right to the possession of the property, since, without its possession, it could neither be used, enjoyed or consumed. The duty of the executor under the will, therefore was, after the payment of the debts and funeral expenses of testator, to deliver possession of the personal estate to the widow."

We think these citations dispose of the question as to who is entitled to the possession of this estate, after the payment of debts and funeral expenses of the deceased.

It was urged in argument that if the court concluded that the life beneficiary, Jane Wilson, is entitled to the immediate possession of this property, that a bond should be executed by her in order to protect the legatees and devisees in their reversionary interests in this estate.

No authority has been cited wherein this court or the Court of Common Pleas, has any such authority, neither have we discovered any such authority.

This will makes no such provisions. This is indicative, that the testatrix imposed confidence in the life beneficiary, that she should not waste the estate to the detriment of the remaindermen. The rule seems to be, that the life beneficiary is in the nature

of a Trustee, holding the property in trust for the remaindermen.

Again referring to Rockell's Complete Ohio Probate Practice page 1072, §1193, wherein there was a will involved quite similar to the one in question the author says:

"The widow under this will was, by implication, quasi trustee for those in remainder, and the interest of the brother and sisters of the testator, in the unconsumed property, was a vested right which could not be destroyed by the act of the widow in disposing of the property by gift to a third party, or otherwise than for her support or the benefit of the estate. A third party acquiring said estate from her by gift or fraud, or by collusion with her, to the injury of the vested rights of those in remainder, and with knowledge of the will, holds the same, and the fruits thereof, as a trustee for the remaindermen, and liable as such trustee, to account to them in equity."

Again referring to **16 Ohio Jurisprudence page 435, paragraph 50**, the author referring to the duty of a life tenant says:

"Because of this duty to preserve and protect the estate in remainder his relation to the remainderman is to a certain extent a fiduciary one and has frequently been termed an implied or quasi trusteeship."

In the case of **Johnson v Johnson, 51 Oh St 446**, at page 460 the court say:

"Perry on Trusts, in §540 says, that those in possession of a life estate under a legal title are implied or quasi trustees, for the remaindermen. We regard this rule as applicable here, and that while the widow was given the legal title with full possession, and power to use, dispose of and consume the estate, for her life support, the duty rested upon her, in the nature of a trust, to have due regard for the rights of those in remainder; as to the part of the estate not consumed by her for her support. That while she could use and enjoy the estate to its fullest extent for her support, and consume the whole of it if necessary, she could not go beyond what would be regarded as good faith toward remaindermen. The testator having so amply provided for the support of his wife, evidently contemplated good faith on her part towards his brothers and sisters. He therefore gave her the right to consume. but not to recklessly squander or give away, the estate. The widow holding this estate

under this will, only for life, and as to the unconsumed part thereof in trust for the remaindermen, such trust would be enforced as against one coming into possession of the estate with knowledge of the trust."

And if in the case at bar, the life beneficiary, Jane Wilson, did commit waste, there is an undoubted remedy for such available.

See 10 **Ohio C.C. (N.S.) page 323.**

It is the conclusion of this court, that under the will, Jane Wilson, is entitled to the life use of all of the property of which the testatrix died seized or possessed, after her just debts and funeral expenses have been paid. That she has the right to sell and dispose of all or any part thereof as in the will provided, and has the right and authority to consume all or any part thereof if necessary, for her proper maintenance, comfort and support. That whatever portion of the estate remains unconsumed at her death, is to be distributed to the remaining legatees and devisees as provided in Article Three of said will and that Jane Wilson is entitled to the possession of all the remaining estate, after the payment of the debts and funeral expenses of the testatrix, in order that she may fully enjoy the same as provided in said will, and that she is not required as a condition precedent to the possession of this property, to execute a bond for the protection of the administrator or the remaindermen.

This being the case, and being in harmony with the holding of the lower court, with which we are in accord, the judgment of the lower court is affirmed.

NICHOLS, J, concurs in the judgment.
JUDGE ROBERTS, not sitting.